# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

## NO. 5:10-CV-352-D

| | |
|---|---|
| MATT GRAVES, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER AND**<br>) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| WAKE COUNTY SOUTH<br>WILMINGTON STREET CENTER, | )<br>)<br>) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) [DE-1] and for frivolity review. Matt Graves ("Plaintiff") is unemployed and has no income. Accordingly, he has demonstrated appropriate evidence of inability to pay the required court costs and his application to proceed *in forma pauperis* is allowed.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Notwithstanding, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on

wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* at 32.

After careful review of Plaintiff's Complaint [DE-1-1], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint is frivolous.[1] Plaintiff filed this suit against the Wake County South Wilmington Street Center ("the Center"), alleging "violation of civil rights." Pl.'s Compl. at 2. In his complaint, Plaintiff complains of substandard food conditions at the Center, as well as several occasions on which he was denied bed space. *Id.* at 2-3. He believes that he has suffered from "discrimination of a poor individual" and that his personal rights have been violated. *Id.* at 3. He also references the fact that this is not the first problem that he has had with Wake County; evidently, in 2007-2008, he did not receive his mail properly. *Id.* at 4.

As a result of the foregoing allegations, Plaintiff seeks relief in the form of "fines for damages incurred daily . . . until proper government practices are understood and administered properly." *Id.*

Based on the allegations made in the complaint, the Court finds no basis for Plaintiff's claims against the named defendant. While Plaintiff generally alleges numerous hardships, the Court finds that Plaintiff has failed to state any claim cognizable in Federal Court.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. The Court **RECOMMENDS** that the complaint be **DISMISSED** as frivolous.

---

[1] Plaintiff filed a nearly identical action, *Graves v. Wake County South Wilmington Street Center*, 5:10-cv-382-D, two weeks after this action. The Court also recommended dismissal of Plaintiff's other action.

2

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 15th day of October, 2010.

DAVID W. DANIEL
United States Magistrate Judge